

Stephen L. Saxl
Tel. 212.801.2184
Fax 212.805.9371
saxls@gtlaw.com

April 25, 2024

**VIA ECF**

The Honorable Lewis J. Liman
United States District Court
Southern District of New York
500 Pearl Street, Room 1620
New York, New York 10007

**MEMO ENDORSED**

      Re:   *Lara Vera v. Prime Hydration LLC*, Case No. 1:24-cv-02657-LJL

Dear Judge Liman:

      We represent defendant Prime Hydration LLC ("Prime"), which was served on April 19, 2024 in the above-referenced putative class action. We write pursuant to Rules 13(b) and 4(b) of the Rules for the Division of Business Among District Judges of the Southern District of New York to request a transfer of this case to Judge Katherine Polk Failla, who recently presided over a virtually identical putative class action brought by the same counsel against Prime. Plaintiff's counsel voluntarily dismissed that case after proposing to substitute Plaintiff Lara Vera (the plaintiff in this new action) for the original named plaintiff. This case should be transferred to Judge Failla because the two cases are "essentially the same" and, in any event, are "related."[1]

**The 2023 Action**

      *Drugas v. Prime Hydration LLC*, No. 23-cv-08552-KPF (S.D.N.Y.) (the "2023 Action"), was a virtually identical action brought against the same defendant by the same counsel on behalf of the same putative classes. In that case, Prime filed a pre-motion letter setting forth the grounds for its proposed motion to dismiss the complaint. *Drugas*, Dkt. No. 13. Judge Failla conducted a pre-motion conference on January 10, 2024 and discussed the merits of the proposed motion. Plaintiff elected not to amend the complaint, and Judge Failla set a briefing schedule on the motion to dismiss and said the Court would not require a case management plan or any discovery pending resolution of the motion. *Drugas*, Jan. 10, 2024 Minute Entry.

      On February 7, 2024, only two days before the motion to dismiss deadline, Plaintiff's counsel notified Prime that "Plaintiff Drugas no longer wants to be a named plaintiff and/or putative class representative in this action and seeks to withdraw from the case immediately" and that "Ms. Vera has agreed to be the named plaintiff and putative class representative on behalf of the putative class." They intended to advise Judge Failla that "Ms. Vera purchased products alleged to be substantially similar to those in the Complaint." And they asked if Prime would jointly move

---

[1] In an effort to confer in good faith, I emailed all seven Plaintiff's counsel on April 22 at 12:34 p.m., stating that Prime intends to request transfer of this new action to Judge Failla as a "related case" to *Drugas v. Prime Hydration LLC* and asking them to please let us know whether Plaintiff consents to this request. Having not heard back, I emailed them all again on April 24 at 2:32 p.m., asking for a response by noon on April 25. I did not hear back from Plaintiff's counsel.

Hon. Lewis J. Liman
April 25, 2024
Page 2

for an order substituting Lara Vera as named plaintiff; dismissing plaintiff Drugas' claims without prejudice; allowing Ms. Vera to file a virtually identical amended complaint; changing the case style of the action to identify Ms. Vera as the named plaintiff; and granting Prime just one week to file a motion to dismiss. Prime did not consent to Plaintiff's request. On February 9, 2024, the day Prime's motion to dismiss was due, plaintiff Drugas filed a notice of voluntary dismissal under Fed. R. Civ. P. 41(a)(1)(A)(i). *Drugas*, Dkt. No. 18.

### This Action Should Be Transferred to Judge Failla Because the Two Cases Are "Essentially the Same" Under Rule 4(b).

On April 8, 2024, the same five plaintiff's counsel (plus an additional two attorneys at a third law firm) filed the Complaint in this putative class action. This action should be transferred to Judge Failla because this case and the 2023 Action are "essentially the same."

Rule 4(b) of the Rules for the Division of Business Among District Judges of the Southern District of New York provides:

> An action, case or proceeding may not be dismissed and thereafter refiled for the purpose of obtaining a different judge. If an action, case or proceeding, or one essentially the same, is dismissed and refiled, it shall be assigned to the same judge. It is the duty of every attorney appearing to bring the facts of the refiling to the attention of the clerk.

Rule 4(b).

Plaintiff's counsel functionally admitted that these two cases are "essentially the same" as they proposed substituting plaintiff Vera for plaintiff Drugas as the named plaintiff in the 2023 Action on February 7, 2024. Moreover, the two complaints are "essentially the same." The new Complaint is a paragraph-by-paragraph reproduction of the *Drugas* complaint with only minor intra-paragraph alterations. It reasserts six of the seven claims, on the same basis and seeking the same relief on behalf of the same putative classes. Other than dropping one claim, the *only* distinction between the two cases is the named plaintiff.

Plaintiff's counsel chose to dismiss the *Drugas* action and refile it. Because these cases are "essentially the same," Rule 4(b) requires that they be assigned to the same judge.[2]

### This Action Should Be Transferred to Judge Failla Because the Two Cases Are "Related" Under Rule 13(a).

Even if the cases were not "essentially the same" under Rule 4(b), the Court should transfer the case because they are, at the very least, "related" cases. Rule 13(b)(3) provides that "[a] party other than the one filing a case … that contends its case is related to another may so advise in writing the judge assigned in its case and request a transfer of its case to the judge that the party contends has the related case with the lowest docket number." Under Rule 13(a)(1):

---

[2] In addition, we note that "[i]t is the duty of every attorney appearing to bring the facts of the refiling to the attention of the clerk." Rule 4(b).

Hon. Lewis J. Liman
April 25, 2024
Page 3

> (1) General Rule. Subject to the limitations set forth below, a civil case ... will be deemed related to one or more civil cases, appeals, or motions when the interests of justice and efficiency will be served. In determining relatedness, a judge will consider whether
>
> > (A) the actions concern the same or substantially similar parties, property, transactions, or events;
> >
> > (B) there is substantial factual overlap;
> >
> > (C) the parties could be subjected to conflicting orders; and
> >
> > (D) whether absent a determination of relatedness there would be a substantial duplication of effort and expense, delay, or undue burden on the court, parties, or witnesses.

Rule 13(a)(1) ("Determination of Relatedness").

These two cases easily satisfy this standard, as the "interests of justice and efficiency" warrant transfer, particularly given the peculiar history of this matter.

These "actions concern the same or substantially similar parties," as this case is brought on behalf of the same putative classes against the same defendant, by the named plaintiff who sought to be substituted into the 2023 Action. The cases involve "substantially similar . . . transactions, or events," including alleged consumer purchases and marketing of Prime Energy drinks.

There is "substantial factual overlap," as the virtually identical complaints demonstrate.

Absent a determination of relatedness there would be a duplication of effort, as Judge Failla is familiar with the background of this case, heard the arguments on which the motion to dismiss is based in a pre-motion conference, and provided feedback to counsel regarding this action. Moreover, by the time Drugas filed her notice of voluntary dismissal on the date Prime's motion to dismiss was due to be filed, counsel for Prime had already substantially drafted its brief in support of a motion to dismiss based upon Judge Failla's feedback and prior rulings. Accordingly, the "interests of justice and efficiency will be served" by transferring this case to Judge Failla.

Prime recognizes that Rule 13(a)(2)(b) provides that "[o]ther than cases subject to Rule 4(b) . . . , civil cases presumptively shall not be deemed related unless both cases are pending before the Court (or the earlier case is on appeal)." As shown above, these cases are subject to Rule 4(b). But even if the cases were not "essentially the same" under Rule 4(b), the presumption against relatedness is rebutted by the close connection between the cases and the interests of justice and efficiency. Given the history of this matter, in which Plaintiff's counsel proposed to substitute Plaintiff Vera as named plaintiff, and then voluntary dismissed the 2023 Action the day the motion to dismiss was to be filed, justice and fairness require transfer of this action to Judge Failla.

For all of these reasons, Prime requests that this action be transferred to Judge Failla.

Respectfully,

*/s/ Stephen L. Saxl*

Stephen L. Saxl

Application GRANTED.  This case has been transferred to the undersigned.

The Clerk of Court is directed to terminate the pending motion at docket entry 8.

```
Dated:     April 30, 2024           SO ORDERED.
           New York, New York
```

*Katherine Polk Failla*

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE