**GT GreenbergTraurig**

Stephen L. Saxl
Tel 212.801.2184
saxls@gtlaw.com

May 20, 2024

**VIA ECF**

The Honorable Katherine Polk Failla
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

    Re: *Lara Vera, et al. v. Prime Hydration LLC*, Case No. 1:24-cv-02657-KPF

Dear Judge Failla:

  We represent defendant Prime Hydration LLC ("Prime") in this action. We write to request permission to file a motion to dismiss the Amended Class Action Complaint ("FAC") for failure to state a claim under Fed. R. Civ. P. 12(b)(6) and failure to plead with particularity under Fed. R. Civ. P. 9(b), or a pre-motion conference. Prime has conferred with counsel for Plaintiffs Lara Vera and Jemirria Thompson (together, "Plaintiffs") and they do not consent to dismissal.

  In *Drugas v. Prime Hydration LLC*, Case No. 1:23-cv-08552-KPF, this Court previously granted Prime permission to move to dismiss a virtually identical complaint, set a briefing schedule, and directed that, pending resolution of the motion to dismiss, no discovery would proceed and the Court would not set a case management plan. *See Drugas*, Minute Entry of Jan. 10, 2024. Prime asks the Court to enter a similar order in this case and allow Prime 21 days to file its motion to dismiss following the entry of an order permitting Prime to file the motion.

  By way of background, on February 7, 2024, two days before Prime's motion to dismiss deadline in *Drugas*, Plaintiffs' counsel notified Prime that "Drugas . . . seeks to withdraw from the case" and that "Vera has agreed to be the named plaintiff." Plaintiffs' counsel proposed a joint motion substituting Vera; dismissing Drugas's claims; and allowing Vera to file a nearly identical amended complaint. Prime did not consent and responded that Vera's proposed amended complaint lacks merit. On February 9, plaintiff Drugas filed a notice of voluntary dismissal. *Drugas*, Dkt. No. 18.

  On April 2, 2024, in response to a pre-suit letter from Vera, Prime reiterated that the proposed complaint lacks merit. Nonetheless, on April 8, Plaintiffs' counsel filed the Complaint in this action. On April 29, following transfer to Your Honor, counsel for Prime requested that Plaintiffs' counsel dismiss this action, pointing out that Vera's only alleged purchases—in June and August 2022—were false as Prime Energy was not available for purchase until 2023.

  On May 8, Plaintiffs filed the FAC, asserting that Vera received a free case of Prime Energy in 2022, and then made several additional purchases in 2023 (once Prime Energy became available for purchase). The FAC also adds an additional plaintiff, Thompson, who alleges she purchased the product several times, including 48 cans of Prime Energy on April 14, 2024 for $1.45 per can.

**Greenberg Traurig, LLP | Attorneys at Law**
One Vanderbilt Avenue  |  New York, New York 10017  |  T +1 212.801.9200  |  F +1 212.801.6400

www.gtlaw.com

Hon. Katherine Polk Failla
May 20, 2024
Page 2

The FAC fails to state a claim for the same reasons as the prior complaints, including the grounds set forth in Prime's November 16, 2023 pre-motion conference letter in *Drugas*. Dkt. No. 13. At core, the FAC alleges that Prime sold the Prime Energy drinks with a label stating that they contain "200mg of caffeine." FAC ¶ 19. Plaintiffs allege, however, Prime Energy "actually contain[s] between 215-225 milligrams of caffeine." FAC ¶ 20. Plaintiffs allege that they "either paid a premium price" or "would not have purchased [Prime Energy] at all had [they] known" the actual caffeine content of Prime Energy. FAC ¶¶ 5-6.

Plaintiffs fail to adequately plead: (1) the cans they purchased did not contain 200 mg of caffeine; (2) the difference between 200 and 215-225 milligrams of caffeine is material; or (3) an actionable injury. The FAC is based on the illogical theory that reasonable energy drink consumers seeking a beverage containing 200 mg of caffeine are injured if the beverage contains a small amount *more* caffeine than advertised (which Defendant does not concede). This, despite the fact that a "tall" (12 oz.) Starbucks Pike Place coffee contains approximately 235 mg of caffeine and a "grande" (16 oz.) Pike Place contains 310 mg.[1] If anything, a reasonable energy drink consumer would pay more, not less, for additional caffeine. The sole basis for the allegation that Prime Energy contains 215-225 mg of caffeine is unidentified "testing commissioned by Plaintiffs' attorneys." FAC ¶ 20. The FAC does not allege who performed the testing, what batch of Prime Energy was tested, when and how the testing was performed, or what the complete results show. Plaintiffs have repeatedly refused to provide the test results.

**Counts II and III:** The FAC fails to plead a materially misleading statement under New York General Business Law ("GBL") §§ 349 and 350 because: (1) Plaintiffs fail to provide "well-pleaded factual allegations" regarding the testing from which the Court could draw any inferences about the caffeine content of the cans the two Plaintiffs purchased, and (2) Plaintiffs fail to plausibly allege that the alleged misrepresentation would be material to the reasonable consumer. And even assuming *arguendo* that the caffeine content of Prime Energy drinks was materially understated, Plaintiffs fail to plead any injury, both by failing to allege that they actually consumed Prime Energy and by failing to allege facts supporting a cognizable theory of damages.

Courts in this district regularly dismiss consumer fraud claims—finding that they fail to adequately plead deceptive conduct—when they are based on alleged laboratory testing and the complaint fails to provide "information as to the testing methodology, the date, time, or place of the testing, who conducted the testing, and what the exact product tested was." *Santiful v. Wegmans Food Markets, Inc.*, No. 20-CV-2933 (NSR), 2022 WL 268955, at *4 (S.D.N.Y. Jan. 28, 2022). In this case, even if the Court accepts the alleged testing, Plaintiffs have failed to adequately allege that the alleged misrepresentation "would have caused [a reasonable consumer] to make a different initial choice." *McCracken v. Verisma Sys., Inc.*, 91 F.4th 600, 608 (2d Cir. 2024) (citing *N. State Autobahn, Inc. v. Progressive Ins. Grp. Co.*, 102 A.D.3d 5, 953 N.Y.S.2d 96, 102 (2d Dep't 2012)).

Moreover, under both GBL §§ 349 and 350 "deception and injury must be separately pled." *Dimond v. Darden Rests., Inc.*, 13 CIV. 5244 KPF, 2014 WL 3377105, at *9 (S.D.N.Y. July 9, 2014) (Failla, J.). This Court has held that allegations, such as those in the FAC, "'contain[ed] no manifestation of either pecuniary or actual harm,' because their GBL § 349 cause of action set forth 'deception as both act and injury.'" *Id.* (quoting *Small v. Lorillard Tobacco Co.,* 94 N.Y.2d

---

[1] *See* https://www.starbucks.com/menu/product/480/hot/nutrition.

Hon. Katherine Polk Failla
May 20, 2024
Page 3

43, 56 (1999)). Indeed, as in *Borenkoff v. Buffalo Wild Wings, Inc.*, 16-CV-8532 (KBF), 2018 WL 502680, at *4 (S.D.N.Y. Jan. 19, 2018), Plaintiffs have not pled "how the [alleged deceptive conduct] affects the objective economic value of the [drink] items they received. Accordingly, [their] invocation of the word 'premium' is nothing more than a 'legal conclusion couched as a factual allegation,' and that allegation is insufficient to state a claim for relief that is 'plausible on its face.'" *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Finally, because Plaintiffs fail to allege that they drank—or even intended to drink—the Prime Energy they allegedly purchased, they cannot allege that they suffered injury as a result of Prime's allegedly deceptive practices.

**Count I:** Plaintiffs do not appear to assert their own claims under any of the other nine states' consumer fraud statutes listed in footnote 17 of the FAC and would have no standing to do so. Plaintiffs fail to plead any conduct occurring in those states and thus cannot state a claim. And even if Plaintiffs could sue under those statutes, their claims would fail for the same reasons the GBL §§ 349 and 350 claims fail. They also fail to plead with particularity under Rule 9(b).

**Count IV:** Plaintiffs fail to state a claim for breach of express warranty. As a threshold matter, Plaintiffs failed to provide adequate notice pursuant to N.Y. U.C.C. § 2-607(3)(a). One Plaintiff provided notice of an alleged transaction in 2022—before Prime Energy was available for purchase—and, as a result, Plaintiffs have failed to provide notice "that the transaction was troublesome." *Anderson v. Unilever U.S., Inc.*, 607 F. Supp. 3d 441, 457 (S.D.N.Y. 2022). This Court has dismissed breach of express warranty claims where notice was based on the filing of a complaint and has rejected exceptions for retail sales or products that are edible. *Lugones v. Pete and Gerry's Organic, LLC*, 440 F. Supp. 3d 226, at 244-45 (S.D.N.Y. 2020) (Failla, J.) (dismissing breach of express warranty "for failure to provide timely notice"). In any event, Plaintiffs fail to state a claim for breach of express warranty because, as summarized above, they have failed to adequately plead a material misrepresentation or any actual injury.

**Count V:** Plaintiffs fail to state a claim for unjust enrichment, including because it "is premised on the same theory . . . that undergirds their statutory claims under NYGBL §§ 349 and 350 and their tort claims for . . . misrepresentation and breach of warranty." *Budhani v. Monster Energy Co.*, 527 F. Supp. 3d 667, 682 (S.D.N.Y. 2021) (dismissing unjust enrichment claim).

**Count VI:** Plaintiffs fail to state a claim for fraud on the same bases as their GBL claims. Moreover, under Rule 9(b), Plaintiffs fail to plead with particularity facts that give rise to a strong inference of fraudulent intent, demonstrate that Prime knew that the representation was false, or show that Prime made the false representation for the purpose of inducing reliance.

**Injunctive Relief:** Plaintiffs' claims for injunctive relief are all deficient as they fail to allege an intent to purchase Prime Energy in the future and thus cannot establish a likelihood of future injury sufficient to support standing.

For these reasons, Prime requests permission to file its motion to dismiss within 21 days following entry of an order permitting Prime to file the motion.

Respectfully,

/s/ *Stephen L. Saxl*

Stephen L. Saxl