UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LARA VERA AND JEMIRRIA THOMPSON, *individually and on behalf of all others similarly situated*,<br><br>      Plaintiffs,<br><br>      -v.-<br><br>PRIME HYDRATION LLC,<br><br>      Defendant. | 24 Civ. 2657 (KPF)<br><br>**ORDER** |
| BRYANT PREUDHOMME, *individually and on behalf of all others similarly situated*,<br><br>      Plaintiff,<br><br>      -v.-<br><br>PRIME HYDRATION, LLC,<br><br>      Defendants. | 24 Civ. 3568 (KPF) |

KATHERINE POLK FAILLA, District Judge:

  Plaintiff Lara Vera filed a Complaint in Case No. 24 Civ. 2657 (the "Vera Action") against Defendant Prime Hydration LLC on April 8, 2024 (24 Civ. 2657, Dkt. #1), followed by an Amended Complaint on May 7, 2024 (24 Civ. 2657, Dkt. #12).  On May 24, 2024, the Court set a briefing schedule on Defendant's anticipated motion to dismiss the Amended Complaint in the Vera Action.  (24 Civ. 2657, Dkt. #17).  In accordance with that schedule, Defendant filed its opening papers in support of its motion to dismiss on June 21, 2024.  (24 Civ. 2657, Dkt. #19-21).

Plaintiff Bryant Preudhomme filed a Complaint in Case No. 24 Civ. 3568 (the "Preudhomme Action") against Defendant Prime on May 9, 2024 (24 Civ. 3568, Dkt. #1), which Complaint is "virtually identical" to the Amended Complaint filed in the Vera Action (24 Civ. 3568, Dkt. #12). On June 14, 2024, Defendant filed a letter motion to transfer the Preudhomme Action to this Court, in view of the fact that the Vera Action was already proceeding before the undersigned. (*Id.*).

Rule 42(a) of the Federal Rules of Civil Procedure empowers a district court judge to consolidate actions for trial when there are common questions of law or fact to avoid unnecessary costs or delay. Fed. R. Civ. P. 42(a); *Zervos* v. *S.S. Sam Houston*, 427 F. Supp. 500 (S.D.N.Y. 1976), *aff'd*, 636 F.2d 1202 (2d Cir. 1980). Consolidation of tort actions sharing common questions of law and fact is commonplace. *Johnson* v. *Celotex Corp.*, 899 F.2d 1281, 1284 (2d Cir. 1990). Furthermore, the trial court has broad discretion to determine whether consolidation is appropriate. *Id.*

Here, the Court finds that the Vera and Preudhomme Actions undoubtedly involve "common questions of law or fact." Fed. R. Civ. P. 42(a). The Vera and Preudhomme Actions both bring claims for violations of New York State consumer protection laws, unjust enrichment, and fraud on behalf of a putative national class of purchasers and a New York subclass of purchasers of Defendant's eponymous energy drink, Prime Energy. (24 Civ. 3568, Dkt. #12). Moreover, both cases rely on the same factual basis for their claims: that "testing confirms that [Prime Energy] contains substantially more than 200 mg

of caffeine." (*Id.*). The Court also finds that "the specific risks of prejudice and possible confusion" associated with consolidating the Vera and Preudhomme Actions

> [are] overborne by the risk of inconsistent adjudications of common factual and legal issues[;] the burden on parties, witnesses, and available judicial resources posed by multiple lawsuits[;] the length of time required to conclude multiple suits … [;] and the relative expense to all concerned of the … multiple-trial alternative[]

associated with litigating the actions independently. *Celotex*, 899 F.2d at 1284 (quoting *Hendrix* v. *Raybestos-Manhattan, Inc.*, 776 F.2d 1492 (11th Cir. 1985)).

Accordingly, the Court hereby CONSOLIDATES the Vera Action and the Preudhomme Action for all purposes as "In Re: Prime Energy Consumer Litigation" under Case No. 24 Civ. 2657, and ORDERS that all future filings are to be made only under Case No. 24 Civ. 2657. Furthermore, the Court GRANTS Defendant's motion to transfer the Preudhomme Action to the undersigned (24 Civ. 3568, Dkt. #12), CLOSES the Preudhomme Action, and DENIES without prejudice to renew Defendant's motion to dismiss the Amended Complaint in the Vera Action (24 Civ. 2657, Dkt. #19).[1]

Finally, the Court hereby ORDERS that any motion(s) to serve as lead plaintiff(s) in the consolidated action are due on or before **July 26, 2024**, and any oppositions thereto are due on or before **August 16, 2024**. A hearing on

---

[1]   While the Court acknowledges the resources expended by Defendant in preparing a motion to dismiss that was filed only last Friday, June 21, 2024, it imagines that much of this work could be repurposed if Defendant chooses to re-file a motion to dismiss after lead plaintiff and lead plaintiff's counsel are selected.

3

any such motions will be held on **Friday, September 6, 2024, at 10:00 am** in Courtroom 618 in the Thurgood Marshall U.S. Courthouse, 40 Foley Square, New York, New York 10007.

The Clerk of Court is directed to file this Order in both cases cited in the caption and to terminate the pending motions at 19 in Case No. 24 Civ. 2657 and 12 in Case No. 24 Civ. 3568. The Clerk of Court is further directed to consolidate the two actions set forth above as "In Re: Prime Energy Consumer Litigation" under Case No. 24 Civ. 2657, and to close Case No. 24 Civ. 3568.

SO ORDERED.

Dated: June 24, 2024
       New York, New York

                                            KATHERINE POLK FAILLA
                                            United States District Judge